# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **UDDIN SYED ZAHEER,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| | ) Case No. 4:14-cv-01499-JHH-JEO |
| v. | ) |
| | ) |
| **U.S. DEPARTMENT OF** | ) |
| **HOMELAND SECURITY et al.,** | ) |
| | ) |
| **Respondents.** | |

## MEMORANDUM OPINION

This case is before the court on Respondents' Motion to Dismiss as Moot. (Doc. 8). In their motion, the Respondents note that the Petitioner was released from ICE custody pursuant to an Order of Supervision on October 22, 2014. The Respondents argue that because the Petitioner has been released on an Order of Supervision, this case is due to be dismissed as moot.

On July 31, 2014, the Petitioner filed a petition for writ of habeas corpus seeking to be released from custody pending his removal to Pakistan.[1] (Doc. 1). Because he has been released on an Order of Supervision, his petition seeking that

---

[1] In support of their motion to dismiss, the Respondents submitted the Declaration of Bryan S. Pitman, Supervisory Detention and Deportation Officer, Department of Homeland Security/ICE in Gadsden, Alabama. (Doc. 8-1). The court notes that the Petitioner is identified as "Syed Zaheer Uddin" in Mr. Pitman's declaration and as "Uddin Syed Zaheer" in the petition for writ of habeas corpus. However, the Petitioner's Alien Number is the same in both documents.

very relief is moot. See *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("a case must be dismissed as moot if the court can no longer provide 'meaningful relief'").  Accordingly, this matter is due to be dismissed.  *Khader v. Holder*, 843 F. Supp. 2d 1202 (N.D. Ala. 2011). A separate order will be entered.

**DONE** this the 23rd day of October, 2014.

*/s/ James H. Hancock*
SENIOR UNITED STATES DISTRICT JUDGE